HAMITER, Justice
 

 (dissenting).
 

 In the indictment, as presented by the Grand Jury, it was originally charged that the defendants herein, on May 1, 1946, in the Parish of Richland, “did then and there unlawfully prospect by means of mechanical devices and otherwise for oil, gas and other minerals on the private lands and property of one George B. Franklin without the consent of him, the said George B. Franklin, the owner of said lands and property, and did then and there unlawfully prospect by means of mechanical devices and otherwise for oil, gas and other minerals on public highways regularly maintained by the Louisiana Highway Commission and on public highways not maintained by the Louisiana Highway Commission which run through, over, across and upon the lands and property of the said George B. Franklin, without proper permit, consent and authority so to do, contrary to and in violation of the provisions' of Act No. 212 of the Legislature of Louisiana of 1934, and all acts amendatory thereto.” Subsequently this charge was amended by the District Attorney, pursuant to an order of the court, so as to delete therefrom all that part which made reference to prospecting on public highways. And, following the amendment, defendants were prosecuted and tried for the single offense of having prospected on the private lands and property of George B. Franklin without his consent.
 

 As stated in the majority opinion the evidence adduced on the trial disclosed that the tests conducted by the defendants were on parish roads that traverse the lands owned by Mr. Franklin. Although such roads have never been formally dedicated, and the soil and mineral rights beneath them belong to the named owner, nevertheless they are servitudes of way — public roads or highways — by' virtue of prescription. From which there arises the question : Did the testing conducted by defendants on those parish or public roads constitute a prospecting on the private lands of George B. Franklin, as charged in the amended indictment, within the meaning
 
 *487
 
 and contemplation of Act 212 of 1934? My opinion is that it did not.
 

 Act 212 of 1934, in the disjunctive, sets forth three separate and distinct ways by which the prospecting for oil and gas with a mechanical device results in the commission of a misdemeanor. These are when the prospecting is done, to quote from such statute, “ * * * on the public lands of the State without the consent of the Register of the State Land Office, or on the public highways of the State without the consent of the Louisiana Highway Commission, or on private property, without the consent of the owner; * * Continuing, the statute recites: “Provided, that on such public highways as are not regularly maintained by the Louisiana Plighway Commission, it shall be sufficient to procure the consent of the Police Jury of the Parish in which such public highway is located.”
 

 These provisions unquestionably distinguish between prospecting on “private lands” and prospecting on “public highways.” This being true, and considering that the statute in question is penal in nature and must be strictly construed, it cannot be correctly said that when the defendants were conducting their operations on public roads — -public highways maintained by the parish — -they were committing the offense of prospecting on the private lands of George B. Franklin within the intendment of Act 212 of 1934.
 

 I respectfully dissent.